**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **GENE AUTRY HILL** | * | **CIVIL ACTION NO.  12-0292** |
| | | **SEC. P** |
| **VERSUS** | | |
| | * | **JUDGE ROBERT G. JAMES** |
| **WARDEN FRANKLIN PARISH DETENTION** | | |
| **CENTER** | * | **MAG. JUDGE KAREN L. HAYES** |

## ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is

Petitioner Gene Autry Hill's Motion for Discovery and Expansion of Record [doc. # 31].

Movant is a prisoner at the River Bend Detention Center Lake Providence, Louisiana, and has

filed a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254.  [doc. # 1].  Petitioner

specifically requests: (1) the original tape recordings of the trial held on March 31, 2010, and the

hearing held on March 29, 2010; and, (2) the "original Ouachita Parish Sheriff Offense report . . .

prepared by Corproal [*sic*] Kottenbrook . . ." on September 6, 2009.  [doc. # 31, P 1].  The Court

will take Petitioner's requests in turn.

Petitioner requests the original tape recordings of the aforementioned proceedings. This is

not the first time Petitioner has requested these tape recordings –  Petitioner actually requested

the tapes on his direct appeal to the Louisiana State Appellate Court. *See State v. Hill*, No.

46,050–KA (LA. App. 2 Cir. 4/20/11); 64 So.3d 801, 806-07.  There, he argued that the court

reporter added words to the transcript, in violation of his due process rights.  *Id.*  However, the

appellate court found that the court reporters signed all transcripts, attesting to their accuracy,

that petitioner's subsequent cross-examination of another witness supported the accuracy of the

record transcript, and that the trial court conducted an *in camera* review of the recording and

found it to be "a verbatim dictation of what was said at trial."  *Id.*  The Court observes that

Petitioner seeks to use these tape recordings to prove his ongoing contention that prosecution

witness Corporal Kottenbrook perjured himself.  *See* [doc. # 23, P 15-17].  With regard to

Petitioner's request for the tape recording of the March 31, 2010, trial proceedings,  this Court

notes the state appellate court's findings on the issue that there is simply no factual basis for

Petitioner's argument that the transcripts were in any way altered, and denies Petitioner's request.

Furthermore, this Court finds that the March 29, 2010, hearing is irrelevant to these proceedings.

That hearing, held on the original date set for trial, dealt with the failure of the victim to appear

as a witness.  The government was prepared to proceed without her, but petitioner insisted that

the trial in his case be delayed so that the victim could be located and brought to court to testify.

Thus, it is completely irrelevant to the issue raised by Petitioner herein, which is limited to his

claim that his conviction was obtained through the use of perjured testimony.  In any case, there

is no evidence that the hearing was not correctly transcribed, so even if the hearing itself were

relevant to these proceedings, the transcript of the hearing would be sufficient.  Therefore,

Petitioner's request for the tape recording of the March 29, 2010, hearing is also DENIED.

Finally, Petitioner requests the "original Ouachita Parish Sheriff Offense report . . .

prepared by Corproal [*sic*] Kottenbrook . . ." on September 6, 2009.  [doc. # 31, P 1].  However,

the offense report was included in the state court trial record at page # 000079, and Petitioner's

request is therefore MOOT.

Accordingly, Petitioner Gene Autry Hill's Motion for Discovery and Expansion of

Record [doc. # 31] is **DENIED**.

THUS DONE AND SIGNED at Monroe, Louisiana, this 3rd day of October , 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

2