UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **GENE AUTRY HILL** | * | **CIVIL ACTION NO. 12-0292** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WARDEN FRANKLIN PARISH DETENTION CENTER** | * | **MAG. JUDGE KAREN L. HAYES** |

<u>**REPORT AND RECOMMENDATION**</u>

*Pro se* Petitioner Gene Autry Hill filed an original petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on January 23, 2012 and a superseding petition on March 5, 2012. [docs. # 1, 6].  Defendant responded to the petition on June 4, 2012 [doc.# 21].  Petitioner replied to Defendant's response on June 25, 2012, and included in his reply a Motion for Summary Judgment.  [doc. # 23-2].  Petitioner, an inmate in the custody of Louisiana's Department of Public Safety and Corrections incarcerated at the River Bend Detention Center, Lake Providence, Louisiana, attacks his Second Degree Battery conviction.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

**BACKGROUND**

The underlying facts in this case have been set forth by the Louisiana Second Circuit Court of Appeal:

> On September 6, 2009, at approximately 5:30 in the afternoon, the Ouachita Parish Sheriff's Office received a call concerning a "disturbance in progress" occurring on Burton Drive in Monroe.  Corporal Jack Kottenbrook immediately responded to the dispatch.  When he arrived at the scene, he observed defendant, Gene Autry Hill ("Hill"), in the middle of the street, standing above and forcefully hitting his former

1

girlfriend, Rita Thomas ("Thomas"). As soon as Hill saw the sheriff's car approach, he ran from the scene and into his house, located on Burton. Corporal Kottenbrook waited for backup before pursuing the defendant, who eventually came out of the house on his own volition. Hill was handcuffed and placed into the back of the patrol car. Corporal Kottenbrook then checked on Thomas and took photographs of her injuries. An ambulance was called to take her to the hospital for medical assistance.

By bill of information, filed October 2, 2009, Hill was charged with second degree battery under La. R.S. 14:34.1. 1. He was appointed counsel, but requested that he be able to represent himself. Hill was questioned by the trial court as to his competency to proceed *pro se* and warned against the dangers of self-representation. Hill was ultimately granted the right to waive counsel, but the trial court insisted on the appointment of a standby attorney.

After successfully securing Thomas's presence, trial was commenced on March 31, 2010. Both Thomas and Corporal Kottenbrook testified. Thomas's testimony revealed that on September 6, 2009, the defendant held her in his home against her will for the entire day, where he hit her on the head with a shoe and on her knee with a baseball bat. She was able to escape from the residence; however, the defendant chased her, grabbed her by the neck and dragged her to the middle of the street where he proceeded to kick and stomp on her. She stated that she lost consciousness for a brief period of time. Photographs of Thomas's injuries were submitted into evidence. The defendant testified in his own defense, denying the allegations against him. He admitted, however, that he attempted to get Thomas to come back into his house and that he placed his hand over her mouth to prevent her from yelling, "call the police." He acknowledged that Thomas was resisting his efforts. He defended his actions by asserting that his wallet was missing and that he believed Thomas had stolen it.

After the presentation of all evidence, both the state and the defendant gave closing arguments. The trial court then recited the applicable law and took the matter under advisement. After a brief recess, the court found the defendant guilty as charged. Hill subsequently filed a motion for new trial and a motion for post-verdict judgment of acquittal, both of which were denied. On June 30, 2010, the defendant was sentenced to five years in prison at hard labor to be served without benefit of probation, parole or suspension of sentence.

*State v. Hill*, No. 46,050–KA (LA. App. 2 Cir. 4/20/11); 64 So.3d 801, 803-04.

Petitioner filed an appeal with the Second Circuit Court of Appeal where he presented one of the issues presently before the Court – his claim that prosecution witness Corporal Kottenbrook perjured himself by testifying beyond the scope of his affidavit in support of the arrest. *Id*. at 805-06. On April 20, 2011, the appellate court denied Petitioner's claim, finding

2

that "the arresting officer's obligation to disclose information is broader at trial than it is in establishing probable cause . . . [, and] the fact that at trial Corporal Kottenbrook revealed a more complete recitation of the events that took place is not indicative of an intent to provide false information . . .[.]" *Id.*

Petitioner sought further review in the Louisiana Supreme Court. *See State v. Hill*, No. 1120–KA (La. 11/14/11); 75 So.3d 940. On November 14, 2011, his writ application was denied without comment. *Id.*

Although Petitioner has not filed for post conviction relief in the state system, Respondent notes that the grounds raised herein would not be entertained by the state courts. [doc. # 21, P. 2]. Furthermore, Respondent waived the requirement of exhaustion as to the issue of whether Corporal Kottenbrook perjured himself. *Id.* In this suit, Petitioner contends that his conviction was "obtained by intentionally, knowingly use of perjured testimony" in violation of his due process rights. [doc. # 6, P. 5]. Specifically, Petitioner contends that **both** prosecution witnesses perjured themselves and that the prosecution knowingly used this testimony at trial.

Petitioner's Motion for Summary Judgment [doc. # 23-2] seeks judgment on the issue of Corporal Kottenbrook's alleged perjury. The matter is now before the Court.

## LAW AND ANALYSIS

I.   **Standard of Review – 28 U.S.C. § 2254**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs *habeas corpus* relief. The AEDPA limits how a federal court may consider habeas claims. After the state courts have "adjudicated the merits" of an inmate's complaints, federal review "is limited to the record that was before the state court[.]" *Cullen v. Pinholster*, ⸺ U.S. ⸺, 131 S. Ct. 1388, 1398 (2011). An inmate must show that the adjudication of the claim in state court:

(1)  resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt*, 230 F.3d at 740. Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal courts presume such determinations to be correct; however, the petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e).

**II.     Petitioner's 28 U.S.C. § 2254 Claims**

Petitioner alleges that (1) Corporal Kottenbrook perjured himself by testifying beyond the scope of his affidavit in support of arrest and (2) the victim, Rita Thomas, perjured herself by contradicting a statement in the affidavit in support of arrest. [doc. # 23, P. 6]. Furthermore, Petitioner contends that the prosecution knowingly used this perjured testimony to obtain a conviction against Petitioner in violation of his due process rights. The undersigned recommends

that Petitioner's *habeas* petition be **DENIED** for the following reasons.

> A. There is no evidence that Corporal Kottenbrook perjured himself, and therefore, the prosecution's reliance on his testimony did not result in a violation Petitioner's due process rights.

Constitutional due process forbids the State from knowingly using, or failing to correct, perjured testimony. *Giglio v. United States*, 405 U.S. 150, 153 (1972); *Hafdahl v. Johnson*, 251 F.3d 528, 532-33 (5th Cir. 2001). To prove that the State denied Petitioner due process of law by relying on perjured testimony, Petitioner must prove that (1) a witness testified falsely; (2) the State knew the testimony was false; and, (3) the testimony was material. *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000). Contradictory testimony among witnesses or inconsistencies within a witness's trial testimony are to be resolved by the trier of fact and do not suffice to establish that certain testimony was perjury. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).

Petitioner has not met this burden because he fails to demonstrate that Corporal Kottenbrook's testimony was false. Specifically, Petitioner continues to contend that Corporal Kottenbrook testified to facts that were beyond the scope of the affidavit of probable cause and therefore, he perjured himself. [doc. # 23, P. 6]. An affidavit of probable cause to arrest without a warrant must be promptly completed by a law enforcement officer effecting arrest of a person. La. C.Cr.P. art. 230.2. The purpose of this affidavit is merely to allow for a judicial determination of probable cause. *Id.* On the other hand, a determination of a defendant's guilt at trial necessitates broader factual findings as a judge or jury must find a defendant guilty **beyond all reasonable doubt**. *In re Winship*, 397 U.S. 358, 364 (1970). Therefore, given the prosecution's heightened burden at a criminal trial, an affiant-witness's testimony has never been limited to the precise statements of fact in the affidavit of probable cause.

Moreover, there are no actual contradictions between the affidavit and Corporal

5

Kottenbrook's trial testimony. A federal court in a *habeas corpus* proceeding cannot redetermine the credibility of witnesses when the demeanor of the witnesses was not observed by the federal court. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Rather, "[t]he reviewing court must respect the province of the [factfinder] to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the [factfinder] resolved all conflicts in a manner that supports the verdict." *Jones v. Wood*, 114 F.3d 1002, 1008 (9th Cir. 1997)(quoting *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995)).

Petitioner fails to show that the state courts' decisions rejecting his perjury claim were contrary to, or an unreasonable application of, clearly established federal law, or that they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §§ 2254(d)(1), (2). Therefore, no *habeas* relief is merited on Petitioner's first claim.

    **B.**  **Petitioner fails to satisfy the exhaustion requirement with regard to his claim that Rita Thomas perjured herself; therefore, his claim is procedurally barred.**

The AEDPA provides that an application for writ of *habeas corpus* by a state prisoner, such as Petitioner, shall not be granted unless ". . . the applicant has exhausted the remedies available in the courts of the state . . . [.]" 28 U.S.C. §2254(b)(1)(A). This statute codified the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139 (1998). In addition, a federal *habeas* petitioner must "fairly present" his federal constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.),

*cert. denied sub nom. Skelton v. Smith,* 506 U.S. 833 (1992)*; Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

The exhaustion requirement is not met where the petitioner presents new legal theories or factual claims in his federal *habeas* petition. *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982). Likewise, "the policies of comity and federalism underlying the exhaustion doctrine" require that "new factual allegations in support of a previously asserted legal theory" be presented first to the state court. *Joyner v. King*, 786 F.2d 1317, 1320 (5th Cir. 1986); *see also Graham v. Johnson*, 94 F.3d 958, 968-69 (5th Cir. 1996); *Jones v. Jones*, 163 F.3d 285, 296-98 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999)(recognizing where a petitioner lodges multiple claims for ineffective assistance of counsel, each distinct allegation of ineffective assistance must be exhausted).

As stated above, Petitioner did file an appeal to the Second Circuit Court of Appeals of Louisiana, and an application for writ of *certiorari* to the Louisiana Supreme Court. *See State v. Hill*, No. 46,050–KA (LA. App. 2 Cir. 4/20/11); 64 So.3d 801, 803-04, *cert denied*, No. 1120–KA (LA. 11/14/11); 75 So.3d 940. In his appeal, Petitioner argued that (1) the trial court erred by denying Petitioner's motion for a new trial; (2) the record was intentionally augmented and falsified to strengthen the case; (3) he was coerced into giving evidence against himself by providing the prosecution information regarding the whereabouts of the victim, Rita Thomas; (4) Petitioner was threatened by the prosecution with a "hibitual [*sic*] Offender bill[;]" and, (5) the trial court abused its discretion by not allowing standby counsel to assist Petitioner. (R. 305). In his first assignment of error, Petitioner alleged only that the prosecution knowingly relied on Corporal Kottenbrook's perjured testimony. Therefore, Petitioner failed to exhaust his claim that

prosecution knowingly relied on the perjured testimony of Rita Thomas.

Accordingly, "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998).

Petitioner admits that he neglected to present his claim that Rita Thomas perjured herself to the state's highest court. *See* [doc. # 23, P. 5]. Moreover, he points to no objective factor external to his defense which prevented his compliance with state procedure, nor can the undersigned discern one from the record. The undersigned concludes therefore that Respondent's claim is barred from federal *habeas corpus* review by the doctrine of procedural default.

Finally, even if Petitioner's claim were not procedurally barred, Petitioner has failed to allege facts sufficient to suggest, much less prove, that Rita Thomas's testimony was false. *See Knox*, 224 F.3d at 477. In Petitioner's reply [doc. # 23], he merely asserts inconsequential discrepancies between the prosecuting attorney's opening statement, the affidavit of probable cause, and the testimony of Rita Thomas. Specifically, Petitioner points out that, in opening statements, the prosecutor stated that he believed the witnesses would testify that the victim "broke loose from him and was trying to get away from him and he chased her." [doc. # 23, P. 4]. Petitioner compares the prosecutor's argument with a statement in the affidavit of probable cause, which states: "while conducting an investigation deputy learned that the victim left the res. when the arrestee went to sleep." *Id.* at 5. The only possible conflict between these two

8

statements is the question of whether the victim "broke loose" and tried to escape while the Petitioner was awake or asleep, a minor point which is not evidence of perjury and is inconsequential to Petitioner's conviction on the underlying offense. In addition, the allegedly inconsistent "statement" was made by the prosecutor, not the witness, and therefore was nothing more than argument, not evidence. There is simply no evidence that Thomas's testimony was even inconsistent, much less perjured. Furthermore, even if there were some inconsistency in her testimony, it is not the role of a federal court in a *habeas corpus* proceeding to redetermine the credibility of witnesses and the federal court must defer to the fact-finder's resolution of evidentiary conflicts. *See Marshall*, 459 U.S. at 434; *Jones*, 114 F.3d at 1008 (quoting *Walters*, 45 F.3d at 1358). Therefore, no *habeas* relief would be merited on Petitioner's second claim, even if it had been properly exhausted.

### III.    Petitioner's Motion for Summary Judgment

Petitioner's Motion for Summary Judgment [doc. # 23-2] asserts that "he has shown that Corporal Kottenbrook perjur[ed]" himself and therefore is entitled to summary judgment. [doc. # 23-2, P. 15].

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

9

any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the Court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed.R.Civ.P. 56(c)(3)(emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[1] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must

---

[1] I.e., beyond doubt.

affirmatively establish its right to prevail as a matter of law.  *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

In this case, Petitioner fails to meet his initial burden, as he simply makes conclusory statements to support his motion and, as stated above, points to no extrinsic evidence outside of his own self-serving statements that Corporal Kottenbrook perjured himself.  Specifically, his entire motion rests on the fact that Corporal Kottenbrook testified to facts that are not found in the affidavit of probable cause.  *See* [doc. # 23-2, P. 16-17].  However, as stated above, an affiant-witness does not commit perjury by testifying to facts not found in an affidavit of probable cause.  In addition, the state court record clearly shows that there is no evidence to support Petitioner's claim, much less undisputed evidence.  Accordingly, this Court recommends that Petitioner's Motion for Summary Judgment [doc. # 23-2] be **DENIED**.

## CONCLUSION AND RECOMMENDATION

For the reasons stated above,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed by Petitioner Gene Autry Hill [docs. # 1, 6] be **DENIED and DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Motion for Summary Judgment filed by Petitioner Gene Autry Hill [doc. # 23-2] be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED**

11

**IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of October, 2012.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE