RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10 / 9 / 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| GENE AUTRY HILL | CIVIL ACTION NO. 12-0292 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WARDEN, FRANKLIN PARISH DETENTION CENTER | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is *pro se* Petitioner Gene Autry Hill's ("Hill") appeal [Doc. No. 32] of Magistrate Judge Karen L. Hayes' August 16, 2012 Order [Doc. No. 30]. Hill brought this habeas case, pursuant to 28 U.S.C. § 2254, on January 23, 2012, attacking his state court conviction of second degree battery.

On August 16, 2012, the Magistrate Judge issued a memorandum order in which she denied Hill's motion for extension of time [Doc. No. 22], motion for subpoena duces tecum [Doc. No. 25], motion for issuance of subpoenas and motion for United States Marshal to serve subpoenas [Doc. No. 27]. She also denied Hill's motion for temporary restraining order and motion for preliminary injunction [Doc. No. 29] as moot.

In her memorandum order, the Magistrate Judge explained that Hill sought in his motions to subpoena the tape recording of his March 2010 trial because of his concerns about the accuracy of the transcript. Additionally, he sought to have the Court subpoena a copy of his accuser's emergency room report and summary discharge report from St. Francis Medical Center. He also sought an extension of time to reply to the opposition to his Petition. As part of his motion for extension of time, Hill moved the Court to order the respondent to stipulate to certain facts, including

his contention that the trial testimony of the victim was erroneously transcribed.

Analyzing Hill's motions, the Magistrate Judge first noted that the Louisiana Second Circuit Court of Appeals had previously rejected his claims, finding that the court reporters had signed the transcripts attesting to their accuracy, that Hill's cross-examination of another witness supported the accuracy of the record, and the trial court conducted an *in camera* review of the tape recording, but found it to be "'a verbatim dictation of what was said at trial.'" [Doc. No. 30 (quoting *State v. Hill*, No. 46,050-KA (La. App. 2 Cir. 4/20/11); 64 So.2d 801, 806-07). The Magistrate Judge further pointed out that Hill does not have a constitutional right to a free copy of his transcript or other court records unless the records are needed for an effective appeal. In this case, Hill has only one claim before the Court: whether a law enforcement officer, identified as Corporal Kottenbrook, committed perjury, and he had failed to establish how the requested records would be necessary or have relevance to this claim.

Likewise, the Magistrate Judge found that Hill failed to show how the victim's medical records relate to his claim that Corporal Kottenbrook committed perjury.

On appeal to this Court, Hill argues that the Magistrate Judge erred in her ruling and moves the Court for an evidentiary hearing concerning the knowledge of the District Attorney as to the false testimony of both Corporal Kottenbrook and the victim, Rita Thomas.

A "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). When a magistrate has been designated to "hear and determine any pretrial matter pending before the court," the district court may reconsider any pretrial matter "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." Id. § 636(b)(1)(A).

In this case, Hill has failed to establish that the Magistrate Judge's August 16, 2012 Memorandum Order is clearly erroneous or contrary to law with regard to her analysis of his request for extension of time or for the tape recording of his trial. Further, while Hill has, in fact, raised a claim regarding the testimony of the victim, Ms. Thomas, *see* [Doc. No. 36], that claim is procedurally defaulted by his own admission. [Doc. No. 23, p. 5]. Even if the claim were properly before the Court, he has again failed to establish how medical records from St. Francis Hospital would support this claim. Finally, the Court finds no basis to order an evidentiary hearing. Accordingly,

IT IS ORDERED that Hill's appeal [Doc. No. 32] is DENIED, and the Magistrate Judge's Order [Doc. No 30] is AFFIRMED for the reasons stated and those additional reasons stated in this memorandum order.

IT IS FURTHER ORDERED that Hill's request for an evidentiary hearing is DENIED.

MONROE, LOUISIANA, this 5 day of October, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

3