RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11/28/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| GENE AUTRY HILL | CIVIL ACTION NO. 12-0292<br>Section P |
| VERSUS | JUDGE ROBERT G. JAMES |
| WARDEN, FRANKLIN PARISH<br>DETENTION CENTER, ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

On November 9, 2012, the Clerk of Court docketed a Motion for Appointment of Counsel, Mandamus to Warden and Order ("Motion for Appointment of Counsel or for Mandamus") [Doc. No. 42] filed by Petitioner Gene Autry Hill ("Hill") in the above-referenced matter.

Hill's Petition for Writ of *Habeas Corpus*, filed pursuant to 28 U.S.C. § 2254, is currently pending before the Court. On October 4, 2012, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 36] recommending that the Court deny and dismiss Hill's Petition. On October 24, 2012, the Court granted Hill's "Motion for Extension of Time to File Objection" [Doc. No. 38]. *See* [Doc. No. 39]. The Court granted Hill an extension until November 26, 2012, to place in the prison mailing system: (1) his objections to the Report and Recommendation [Doc. No. 36], (2) an appeal of/objection to the Magistrate Judge's October 9, 2012 Order [Doc. No. 37], and (3) a brief in support of his request for a certificate of appealability.

However, Hill instead filed the instant Motion for Appointment of Counsel or

Mandamus. He contends he has been stymied in his attempts to object to the Report and Recommendation because the Franklin Parish Detention Center ("FPDC") has only the <u>Southern Reporter</u>, which contains Louisiana cases, but does not have any federal case law. He moves the Court to either provide him with appointed counsel or order that the Warden of the FPDC provide him with an adequate law library. He contends that he has requested law books "to no avail." [Doc. No. 42].

First, the Court addresses Hill's motion for appointment of counsel. There is no Sixth Amendment right to appointed counsel for prisoners mounting collateral attacks on their convictions or sentences. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Wright v. West*, 505 U.S. 277, 293 (1992) (no Constitutional right to counsel in habeas corpus proceedings); *Coleman v. Thompson*, 501 U.S. 722, 755 (1991); *Cousin v. Lensin*, 310 F.3d 843, 849 (5th Cir. 2002). However, the Court may nevertheless appoint counsel to represent an inmate pursuing federal habeas corpus relief. *See* 28 U.S.C. § 2254(h); Rules 6(a) and 8(c), Rules Governing Section 2254 Cases in the District Courts; and 18 U.S.C. § 3006A. Any time that the Court determines that an evidentiary hearing is necessary, counsel must be appointed, but, in this case, no evidentiary hearing was held. Thus, decision on whether or not to appoint counsel at this stage of the litigation rests in the Court's sound discretion. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir. 1993). The Court has considered the legal and factual complexity of the case along with Hill's ability to prepare and present his claim. *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); *see generally Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that in the context of a civil rights case, the court should base the decision to appoint counsel on many factors, including the type and complexity of the case; the plaintiff's ability to

adequately investigate and present his case; the presence of evidence which consists of conflicting testimony so as to require skill in presentation of the evidence and cross-examination; and the likelihood that appointment will benefit the plaintiff, the court, and the defendants). The Court finds that counsel is not necessary under the circumstances of this case. Hill has been able to adequately articulate his claims that a police officer and the victim both perjured themselves at his trial. His claims are largely factual, not requiring the type of legal analysis for which counsel might be necessary.

Hill next contends that, if he is not appointed counsel, the Court should issue a mandamus order to the Warden at FPDC to provide him with the law books necessary for him to file objections to the Report and Recommendation and to file a brief in support of a request for a certificate of appealability. In support of his argument, Hill cites *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In *Bounds*, the Supreme Court held that prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Id.* at 825. The right of meaningful access to court requires prison officials to provide indigent inmates with either an adequate law library or adequate assistance from persons trained in the law. *Id.* at 828. "The tools [*Bounds*] requires to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Hill seeks to enforce this right, however, through a writ of mandamus. The writ of mandamus was abolished by Fed. R. Civ. P. 81(b), but federal courts generally may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651. Nonetheless, a federal court lacks authority to issue a writ to direct state officials in the

3

performance of their duties and functions. See *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); 28 U.S.C. § 1361. Thus, Hill is not entitled to this relief. Accordingly,

IT IS ORDERED that Hill's Motion for Appointment of Counsel or Mandamus [Doc. No. 42] is DENIED. The Court, *sua sponte*, extends Hill's deadline for filing objections to the Report and Recommendation until December 14, 2012.

MONROE, LOUISIANA, this 27 day of November, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

4